UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH E. SIKORA,

        Plaintiff,

                                            Case No. 12-CV-11992

vs.

                                            HON. GEORGE CARAM STEEH

UNITED PARCEL SERVICE, INC.,
et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL [DOC. 7]

Plaintiff Joseph Sikora filed this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 *et seq*. His complaint asserts disability discrimination, harassment and retaliation claims under the ADA and PWDCRA against defendants United Parcel Service ("UPS"), Renee Roberts, Jeffery McBride, James Cook and Scott Rice.

The matter is before the court on defendants' motion to dismiss plaintiff's complaint, which is actually a motion for partial dismissal. Plaintiff failed to file a timely response to defendants' motion to dismiss. The court is familiar with the case and has considered the unrebutted arguments raised by defendants in their dispositive motion. For the reasons stated below, defendants' motion for partial dismissal is GRANTED.

FACTUAL BACKGROUND

On or about May 18, 2010, plaintiff filed an EEOC Charge against defendant UPS.  Plaintiff alleged retaliation and discrimination in violation of the ADA because he was a person with a disability and UPS denied his request for reasonable accommodation.  The Charge alleged that after his request for accommodation was denied, he was "subjected to different terms and conditions of employment than that of other Mechanics" such as being required to make formal requests to turn on fans and was not allowed "CO monitors."  Plaintiff alleged that on February 24, 2010, he was hospitalized due to overexposure of CO emissions.  The EEOC issued a Right to Sue Notice on February 1, 2012.  Plaintiff filed the instant lawsuit alleging disability discrimination and retaliation, and for the first time harassment, against UPS.  Also for the first time, plaintiff named the individual defendants as parties.

RULE 12(b)(6) DISMISSAL STANDARD

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of*

*Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

## ANALYSIS

I. <u>ADA Harassment Claim</u>

Defendants bring the instant motion to dismiss plaintiff's ADA harassment claim because he did not raise the claim before the EEOC, and so failed to exhaust his administrative remedies. A failure to include claims in the EEOC Charge deprives the court of subject matter jurisdiction over those claims. Plaintiff's ADA harassment claim is therefore dismissed as to all defendants.

II. <u>ADA Claims Against Individual Defendants</u>

A party not named in an EEOC Charge may not be sued under Title VII unless there is a clear identity of interest between the unnamed individual and the named party. *See Romain v. Kurek*, 836 F.3d 241, 245 (6th Cir. 1987). Title VII's procedural requirements govern the ADA, so the same reasoning is applicable. Plaintiff has not shown that the individual defendants have the requisite identity of interest to defendant UPS. The ADA claims should all be dismissed for lack of subject matter jurisdiction as to the individual defendants.

III. <u>Disability Claims Against Individual Defendants</u>

There is no individual liability under the ADA. *See Sullivan v. River Valley School District*, 197 F.3d 804, 808 (6th Cir. 1999). Similarly, there is no individual liability under

the PWDCRA. *See Cotter v. Ajilon Services, Inc.*, 287 F.3d 593, 597 (6th Cir. 2002). Therefore, plaintiff cannot maintain his ADA or PWDCRA claims against the individual defendants, and such claims should be dismissed.

IV. Remaining Claims

After dismissal of the claims discussed above, all that remains of plaintiff's complaint is his allegation of disability discrimination and retaliation under the ADA against UPS, and all of his PWDCRA claims against UPS.

## CONCLUSION

For the reasons stated in this opinion and order, plaintiff's ADA harassment claim is dismissed against all defendants, and plaintiff's ADA and PWDCRA claims are dismissed against the individual defendants.

Dated: October 29, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Joseph E. Sikora, 24685 Pamela Street, Brownstown Township, MI 48134 on October 29, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---